

March 3, 2025

705 Second Avenue, Suite 1200
Seattle, Washington 98104-1798
P: 206-682-6711
F: 206-682-0401

*Via ACMS*

Michael C. Subit
msubit@frankfreed.com

Molly C. Dwyer
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re: ***McMahon v. World Vision, Inc.*, No 24-3259**
**Fed. R. App. P. 28(j) Response to Citation of Supplemental Authority**
*Markel v. Union of Orthodox Jewish Congregations of Am.*,
124 F.4th 796 (9th Cir. 2024)

Dear Ms. Dwyer:

*Markel* exemplifies the type of employee who qualifies for the ministerial exception and demonstrates why McMahon does not.

Markel was a *mashgiach*: "'an inspector appointed by a board of Orthodox rabbis to guard against any violation of Jewish dietary laws'—colloquially known as 'keeping kosher.'" 124 F.4th at 801 (quoting *Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 363 F.3d 299, 301 (4th Cir. 2004) (internal punctuation omitted)). His employer, OU, "runs the largest kosher certification program in the United States." 124 F.4th at 801. To qualify for his position, Markel had "to submit a letter from an Orthodox rabbi certifying that he was Sabbath observant, knowledgeable about kosher law, and compliant with the same." *Id.* at 802.

Markel was a "religious functionar[y]" just as "essential to OU's religious mission" as a religious-school teacher. *Id.* at 807. "[I]t is generally recognized within Orthodox Judaism that a *mashgiach* fills a key role in helping Orthodox Jews practice their religion." *Id.* at 809. "Because only observant Orthodox Jews can serve as a *mashgiach* for the OU, and because they are necessary to carrying out OU's religious mission of 'ensuring the wide availability of kosher food,' a *mashgiach* is a minister for purposes of the ministerial exception." *Id.* at 807.

*Markel* broke no new ground. *Shaliehsabou* had held more than 20 years earlier that a *mashgiach* falls within the ministerial exception. *Id.* at 807 (citing 363 F.3d at 301). A *mashgiach* is an "intrinsically religious" position with "no secular purpose." McMahon Br., Dkt. No. 68-1, at 38 (quoting 363 F.3d at 308). By contrast, the customer service position at issue in this case was not intrinsically religious and was "at bottom" secular. McMahon Br. 22-33.

While the ministerial exception is "broad," *Markel*, 124 F.4th at 806, "broad" does not mean "unlimited." *United States ex rel. Welch v. My Left Foot Children's Therapy*, 871 F.3d 791, 798 (9th Cir 2017). *Markel* involved an employee whose duties clearly fell within the ministerial exception's core purpose. 124 F.4th at 707. This case involves an employee whose duties just as clearly do not.

Word Count: 346

RESPECTFULLY SUBMITTED this 3rd day of March 2025.

        FRANK FREED SUBIT & THOMAS LLP

        By: *s/ Michael C. Subit*
            Michael C. Subit, WSBA No. 29189
            Email: msubit@frankfreed.com
            705 Second Avenue, Suite 1200
            Seattle, WA 98104
            P: 206-682-6711
            F: 206-682-0401

        NISAR LAW GROUP, P.C.

        By: *s/Casimir Wolnowski*
            Casimir Wolnowski, NYBA No. 4688826
            Email: cwolnowski@nisarlaw.com
            60 East 42nd Street, Suite 4600
            New York, NY 10165
            P: (646) 889-1007

cc:    All counsel of record (by ACMS notification)