

March 17, 2025

*Via ACMS*

705 Second Avenue, Suite 1200
Seattle, Washington 98104-1798
P: 206-682-6711
F: 206-682-0401

Molly C. Dwyer
UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Michael C. Subit
msubit@frankfreed.com

Re: ***McMahon v. World Vision, Inc.*, No. 24-3259**
***Fed. R. App. P. 28(j) Notice of Supplemental Authority***
***CompassCare v. Hochul*, 125 F.4th 49 (2d Cir. 2025)**

Dear Ms. Dwyer:

*CompassCare* militates against Appellant's contention that the First Amendment right of free association immunizes its discrimination against McMahon in violation of federal and state law. "The Supreme Court has never held that freedom of association protects the decision of an employer to take an adverse action against an employee in violation of an antidiscrimination law." 125 F.4th at 58 n.4 (citing *Wisconsin v. Mitchell*, 508 U.S. 476, 487 (1993) and *Hishon v. King & Spalding*, 467 U.S. 69, 77 (1984)); *accord* Dkt. No. 68.1 at 48.

*CompassCare* rejects Appellant's argument that First Amendment cases arising in the context of voluntary membership organizations are equally applicable to employment. 125 F.4th at 59-61. "There are meaningful differences between relationships among members of voluntary organizations and relationships between

employers and employees." *Id.* at 59. "And particularly in the employment context, we must ensure that the right to expressive association does not serve as a shield for unlawful discrimination." *Id.* at 59-60. *CompassCare* held that if *Boy Scouts of Am. v. Dale*, 300 U.S. 640 (2000), were applied to employment, "such a result could destabilize the protections that state and federal governments have established to protect employees from exclusions based on protected characteristics." 125 F.4th at 60.

*CompassCare* confirms McMahon's interpretation of *Slattery v. Hochel*, 61 F.4th 27 (2d Cir. 2023). Dkt. No. 68.1 at 49-50. To exclude an employee based on freedom of association, "[i]t is not enough for an employer to claim that it holds particular views or interests, or even that it expresses such views through its work." *CompassCare*, 125 F.4th at 61. "For an employer to make the showing required by *Slattery*, it must show [the anti-discrimination law] threatens its very mission…in the context of a specific employment decision." *Id.*

While McMahon would have held a "client-facing position" with WorldVision in which she would have spoken for the organization, her being in a same-sex marriage, unbeknownst to the donors and potential donors with whom she spoke, was not "an attribute of the employee that renders the employment of that person, in that position, a threat to the employer's mission." *Id.*

Word Count: 350

Respectfully Submitted,

*s/ Michael C. Subit*

Michael C. Subit, WSBA #29189
705 Second Avenue, Suite 1200
Seattle, Washington 98104
P: 206-682-6711
F: 206-682-0401
msubit@frankfreed.com

*Attorney for Plaintiff-Appellee*

cc: All counsel of record (by ACMS notification)